IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IRVIN ARMSTEAD, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Cause No. 4:17-cv-1145 |
| | § | |
| COMPASS GROUP USA, INC., | § | |
| | § | |
| Defendant. | § | A Jury is Demanded |
| | § | |
| | § | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, IRVIN ARMSTEAD, by and through his undersigned counsel, hereby files this this action under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. and Supp. III)("FLSA").

## Statement of the Case

This is an individual overtime case brought by a warehouse worker, moving stock, sweeping, taking out trash, loading and unloading trucks, from October of 2016 to January 21, 2017, at the weekly salary of $300.00. This lawsuit seeks damages from the Defendant's engaged in illegal pay practices.

## PARTIES

1. Plaintiff, IRVIN ARMSTEAD, was an "employee" of Defendant, as that term is defined by the FLSA. During his employment with the Defendant, the Plaintiff was an individual directly engaged in interstate commerce, and his work was essential to Defendant's business. Plaintiff resides in Harris County, Texas.

2. Defendant, COMPASS GROUP USA, INC., is a foreign for-profit Delaware Corporation engaged in the business of operating a vending company in Harris County, Texas.

3. Defendant, COMPASS GROUP USA, INC., is subject to the provisions of the FLSA, as it was at all relevant times employed 2 or more people, had sales or business done exceeding $500,000.00 per year, and engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s). Defendant, COMPASS GROUP USA, INC., operated in the area of the Southern District of Texas with approximately 40 employees. Defendant, COMPASS GROUP USA, INC., operated on the highways and roadways in the Houston Area.

4. The work of the Defendant involves the movement of products and other goods in interstate commerce and on the Interstate Highways of the state of Texas. Plaintiff's duties involved moving stock, sweeping, taking out trash, loading and unloading trucks.

5. Plaintiff was at all times material individually engaged in commerce as

his work was directly related to the movement of products and information in interstate commerce. The various duties outlined above are part of commerce and would qualify Plaintiff for coverage under the Fair Labor Standards Act.

6. *Inter alia*, Defendant hired the Plaintiff; and, controlled Plaintiff's rate of pay and method of pay, schedule, and conditions of employment and was the Plaintiff's employer as defined by 29 U.S.C. §203(d).

## JURISDICTION AND VENUE

7. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

## FACTS SUPPORTING RELIEF

8. Defendant employed Plaintiff as a warehouse worker from October of 2016 to January 21, 2017.

9. Plaintiff was required and permitted to work various hours and shifts, usually five (5) days per workweek. Plaintiff was frequently worked workweeks in excess of 40 hours per workweek. Plaintiff was not paid overtime for hours worked over 40 in any given work week, but Plaintiff did, in fact, work over 40 hours.

10. Plaintiff does not have a written agreement with Defendant. Defendant have never characterized Plaintiff as an independent contractor. Plaintiff has been

3

economically dependent upon Defendant for the entire time that Plaintiff has been employed.

11. From October of 2016 to January 21, 2017, the Plaintiff worked in excess of 40 hours per week.

12. From October of 2016 to January 21, 2017, when Plaintiff worked more than 40 hours during any given work week, Defendant did not pay Plaintiff the overtime premium as required by the FLSA.

13. At all times relevant to this case, the Defendant had knowledge of Plaintiff's regular and overtime work. Defendant approved Plaintiff's work and hours. Plaintiff's work benefitted Defendant.

14. Plaintiff was not paid on a salary or fee sufficient for an exemption under the FLSA. Plaintiff did not hold a position that would be considered as exempted from the requirements of the FLSA.

15. Plaintiff did not ever serve in the capacity of an executive, administrator, professional, or outside sales representative, as those terms are understood pursuant to 29 C.F.R. §541.

16. Plaintiff was not exempt from the protection or requirements of the FLSA.

17. During the relevant time period, the Defendant did not make a good faith effort to comply with the overtime or minimum wage provisions contained within the FLSA.

## CLAIM FOR RELIEF
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## OVERTIME

18. Plaintiff incorporates by reference all facts set for the in the preceding paragraphs of this Complaint.

19. Defendant willfully and in blatant disregard of Plaintiff's federally protected rights improperly and failed to pay Plaintiff properly for working more than 40 hours per week.

20. Defendant is liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

21. Plaintiff does not generally have access to all of the Defendant' records and will provide additional detail after Defendant have provided records or initial disclosures have been made, if necessary.

22. The Defendant is obligated by law to pay Plaintiff at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

23. The Defendant willfully denied Plaintiff's right to overtime compensation under the FLSA.

24. The FLSA prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

25. As a result of Defendant' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper hourly rate.

26. Plaintiff further seeks liquidated damages as Defendant' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

27. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

28. Plaintiff has retained the law firm of Ross Law, P.C. to represent him in this suit. Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be his sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to his attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney

gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect from Defendant pursuant to 29 U. S. C. § 216(b).

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims he has asserted in this Complaint.

**PRAYER FOR RELIEF**

Plaintiff, IRVIN ARMSTEAD, prays that the Court assume jurisdiction of this cause and that Defendant be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

1. Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

2. Judgment against Defendant that their violation of the FLSA was willful;

3. Judgment against Defendant for an amount equal to the unpaid wage damages as liquidated damages;

4. If liquidated damages are not awarded, an award of pre-judgment interest;

5. Post-judgment interest at the applicable rate;

6. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

7. Leave to amend to add claims under applicable state laws, if necessary; and,

8. For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

Respectfully submitted, April 13, 2017.

Respectfully submitted,

*/s/ Charles L. Scalise*
**CHARLES L. SCALISE**
Texas Bar No. 24064621
ROSS LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
Telephone: 512-474-7677
Fax: 512-474-5306
Email: charles@rosslawpc.com
**ATTORNEYS FOR PLAINTIFF**